**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

DAMEION RASHAD KENNEDY, )
)
   Plaintiff, )
)
v. )
)
EXPERIAN INFORMATION )
SOLUTIONS, INC., TRANS )
UNION, and EQUIFAX )
INFORMATION SERVICES LLC, )
)
   Defendants. )

CASE NO. 2:23-cv-01510-NAD

---

**MEMORANDUM IN SUPPORT OF DEFENDANTS' JOINT MOTION TO
DISMISS PLAINTIFF'S COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Experian

Information Solutions, Inc. ("Experian"), Trans Union LLC ("Trans Union"), and

Equifax Information Services, LLC ("Equifax"), hereby jointly move this Court for

an order dismissing the Complaint filed by Plaintiff Dameion Kennedy.

## I.  <u>INTRODUCTION</u>

Plaintiff Dameion Kennedy has filed a Complaint under 15 U.S.C. § 1681g of

the Fair Credit Reporting Act ("FCRA") that tracks mostly verbatim with complaints

recently filed by several *pro se* litigants across the country. The gist of each is the

same: Experian, Equifax, and Trans Union willfully violated § 1681g(a)(1) because

they failed to provide Plaintiff with all information maintained in Plaintiff's file. There are at least three fatal flaws in this theory of liability.

*First*, the Complaint does not plausibly allege that Defendants denied Plaintiff information, or that such information even exists. Plaintiff only alleges that some "undisclosed information" may have been or might be provided by Defendants to potential third parties. As at least **seven** courts confronted with identical allegations have concluded, the allegation that Defendants may have as-yet-undisclosed information in their files is too speculative to survive a motion to dismiss.

*Second*, even taking Plaintiff's conclusory allegations as true, nothing in the Complaint shows that Defendants "willfully" violated the FCRA, as Plaintiff attempts to plead. The Complaint identifies only three pieces of concrete information that, upon information and belief, Plaintiff contends was withheld from him: (1) information that is no longer included on his reports; (2) unidentified "additional information" given to prospective creditors, employers, and insurers; and (3) "negative codes" used to communicate with credit grantors. To prove that Defendants willfully violated the FCRA, Plaintiff must point to some authority clearly establishing that § 1681g reaches that kind of information. In fact, however, the case law is to the contrary. That same case law would warrant dismissal even in a case under the FCRA's negligence standard, even though Plaintiff has not pled negligence. At a minimum there would appear to be no basis for Plaintiff's

contention that Defendants were objectively unreasonable when they responded to his request for information by providing his consumer report.

*Third*, Plaintiff lacks standing to sue because the Complaint does not identify a concrete harm. Under controlling Eleventh Circuit precedent, a plaintiff must plead a real harm with an adverse effect to satisfy the standing requirement. Plaintiff does not allege that Defendants have denied him information they have provided to credit grantors, potential employers, and the like, or that Defendants even intend to do so. At most, Plaintiff alleges a technical violation of the FCRA with no real-world consequences. Under Article III, the abstract risk that third parties might obtain unspecified inaccurate or misleading information at some undefined point in the future does not constitute a case or controversy.

*Fourth*, Plaintiff's claims should be dismissed with prejudice because Plaintiff simply cannot plead plausible claim for relief against the Defendants and, as a result, any amendment to the Complaint would be futile. The Supreme Court and the Eleventh Circuit have enumerated facts which allow for the denial of a motion to amend. Here, there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA because the Complaint does not plausibly allege a violation of § 1681g. Further, without any factual allegation to support Plaintiff's assumption that Defendants have withheld information from him, the Complaint does not cross the line from possibility to plausibility.

## II.   <u>FACTUAL ALLEGATIONS</u>

The Complaint states one cause of action against each Defendant for willful non-compliance under 15 U.S.C. § 1681g(a)(1), which provides that a consumer reporting agency shall, upon request, clearly and accurately disclose to the consumer "[a]ll information in the consumer's file at the time of the request…."

Plaintiff alleges he requested a copy of his "full consumer file disclosure" on July 5, 2023 from Experian, Equifax, and Trans Union, respectively. Compl. ¶¶ 9, 11, 13. In response, Plaintiff alleges he received a "credit report" from each "which was not responsive to his request." *Id.* ¶¶ 10, 12, 14. Plaintiff allegedly made a second request "for a full consumer file disclosure," and again received a "credit report … which was not responsive to Plaintiff's request." *Id.* ¶¶ 15, 17. In response, he alleges he received a letter and "credit report" from Equifax and Trans Union, "which was not responsive to his request" and nothing from Experian. *Id.* ¶¶ 19, 20, 21.

The Complaint alleges, upon information and belief, that there is information relating to Plaintiff contained in Defendants' files that has not been disclosed to him, including information that is now "archived information," "negative codes or erroneous account information," and unspecified "additional information that is provided to prospective creditors, insurers or employers. . ." *Id.* ¶¶ 22-25. Plaintiff is not making any claim regarding information that has been provided to a third

party. Rather, Plaintiff contends only that, upon information and belief, certain unidentified and undisclosed information *may* have been provided to a third party or *might* be provided at some time in the future. *Id.* ¶¶ 26-28. Plaintiff admits he has no direct knowledge of specific allegedly inaccurate or false information regarding himself that might be in Defendants' files but "surmise[s] that there must be some nefarious reason" that Defendants are allegedly concealing unidentified and undisclosed consumer information. *Id.* ¶ 28.

## III.   <u>LEGAL STANDARD</u>

Under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' ... Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557). While a court must accept as true all factual allegations in the complaint when considering a motion to dismiss, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

Furthermore, a complaint based exclusively "upon information and belief" is "insufficient to defeat a motion to dismiss." *Frazier v. Experian Info. Sols., Inc*., No. CV JKB-18-0067, 2018 WL 3785131, at *4 (D. Md. Aug. 9, 2018) (internal quotations omitted). A complaint proffering allegations "upon information and belief" because the facts pled are within the control of the defendant may overcome a motion to dismiss when also pled with "specific factual allegations." *Id.* (internal quotations omitted). However, when "upon information and belief" is merely a substitute for describing the necessary particulars of a claim, the complaint must properly be dismissed. *Id.*

Finally, although *pro se* complaints are entitled to a less stringent standard and a more liberal interpretation, courts are not required to overlook basic pleading essentials in *pro se* complaints. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). "Nor does this leniency require or allow courts to 'rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." *Coke v. Ret. Sys. Of Ala.*, Case No. 2:23-cv-01104-RDP, 2023 WL 6795290, *5 (N.D. Ala. Oct. 13, 2023) (quoting *GJR Investments, Inc. v. County Escambia Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## IV.   <u>ARGUMENT</u>

### A.   The Complaint Fails to State a Plausible Claim for Relief.

Defendants' motion to dismiss should be granted because the Complaint does not plausibly allege a violation of § 1681g. Without any factual allegation to support Plaintiff's assumption that Defendants have withheld information from him, the Complaint does not cross the line from possibility to plausibility.

To survive a motion to dismiss, a plaintiff must allege facts sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 570. The complaint must therefore establish "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

Applying *Iqbal* and *Twombly*, courts have held that it is not enough for a complaint "to assume that some data was withheld from [the plaintiff], without any factual allegations in support of that assumption." *Larson v. Trans Union, LLC*, 2014 WL 1477705, at *4 (N.D. Cal. Apr. 14, 2014). Lacking any factual support, the mere allegation that a credit reporting agency "may" or "might" possess more information about a consumer than it has disclosed "stops short of the line between possibility and plausibility of entitlement to relief." *Id*.

Nor may a plaintiff "surmise" that a consumer reporting agency has failed to disclose information and then use discovery to attempt to prove up that assumption. "The 'doors' of discovery are not 'unlocked' for 'a plaintiff armed with nothing more than conclusions.'" *Parker v. Equifax Info. Servs., LLC*, 2017 WL 4003437, at *4 (E.D. Mich. Sept. 12, 2017) (quoting *Iqbal*, 556 U.S. at 678-79) (denying Plaintiff's

motion for leave to amend complaint). The pleading standards established by *Iqbal* and *Twombly* do not permit a plaintiff to file suit based on assumptions, in the hopes that factual support will come later through discovery. *Parker*, 2017 WL 4003437, at *4.

Here, the Complaint alleges, upon information and belief, that Defendants failed to disclose three pieces of information in its files:

1. "[A]rchive" information "that is provided to others when they make a request for consumer information related to [Plaintiff]." (Compl. ¶ 25);

2. Unidentified "additional information that is provided to prospective creditors, insurers or employers" (*id.* ¶ 26); and

3. "[N]egative codes" "that are provided to a prospective creditors, insurers or employers" (*id.* ¶ 23).

Not only does Plaintiff base the majority of his allegations upon information and belief, the Complaint also fails to include ***any*** factual allegations to suggest the existence of such information is plausible, rather than merely possible. *Scott v. Experian Info. Sols.*, 2018 WL 3360754, at *6 (S.D. Fla. June 29, 2018) ("Conclusory allegations made upon information and belief are not entitled to a presumption of truth, and allegations stated upon information and belief that do not contain any factual support fail to mee the *Twombly* standard.") (citation omitted). For example, if "negative codes" have been provided to creditors and employers, one would presume the codes would have an impact on plaintiff's ability to procure credit, insurance, or work; yet plaintiff alleges no such consequences.

Seven courts confronted with nearly ***identical allegations*** have held that they are too speculative to survive a motion to dismiss.[1] *See Scott*, 2018 WL 3360754, at *6-7; *Frazier*, 2018 WL 3785131, at *6. As in those cases, Plaintiff here admits he has no direct knowledge of the content of Defendants' files (Compl. ¶¶ 22, 24), and "can only postulate as to what should have been included in the disclosures." *Frazier*, 2018 WL 3785131, at *6. As in *Scott*, Plaintiff here "does not point to what information is actually missing from what he received from [d]efendants or what specific facts lead him to accuse [d]efendants of failing to meet their disclosure requirements under the FCRA." *Scott*, 2018 WL 3360754, at *7. Indeed, Plaintiff admits he is not making any claim regarding information that has been provided to a third party, but rather information that may be provided to a potential creditor. *See* Compl. ¶ 41.

Plaintiff's theory is based, on his own admission, on nothing more than "surmise." Compl. ¶ 28. But mere surmise does not amount to plausibility, and the Complaint accordingly does not pass muster under *Iqbal* and *Twombly*. *Scott*, 2018 WL 3360754, at *7; *Frazier*, 2018 WL 3785131, at *6.

---

[1] The majority of Plaintiff's complaint is word-for-word the same as the complaints in these seven cases. *See Frazier v. Experian Info. Sols.*, 2018 WL 3785131, at *4-6 (D. Md. Aug. 9, 2018); *Scott v. Experian Info. Sols.*, 2018 WL 3360754, at *7 (S.D. Fla. June 29, 2018); *Gavin v. Trans Union LLC*, 2018 WL 7824443, at *4 (D.S.C. Sept. 24, 2018); *Joseph v. Experian Info. Sols.*, 2019 WL 5458009, at *8 (N.D. Ga. July 3, 2019); *Johnson v. Experian Info. Sols.*, 2019 WL 951425, at *2 (E.D. Ca. Feb. 27, 2019); *Scott v. Equifax, Inc.*, 2021 WL 7209985, at *3 (D. Kan. Apr. 21, 2021); *Heyer v. Experian Info. Sols.*, 2019 WL 2869337, at *3 (E.D. Wis. July 3, 2019).

**B.     The Complaint Does Not Allege That Defendants Willfully Violated the Fair Credit Reporting Act.**

Even if Plaintiff's allegations were plausible, Defendants' motion to dismiss should be granted because the allegations in the Complaint—even when accepted as true—do not amount to a willful violation of the FCRA.

**1.     <u>Under the FCRA, Willfulness is a High Standard that Requires a Knowing or Reckless Violation.</u>**

A plaintiff suing under the FCRA may allege either a negligent or willful violation of the statute. *See* 15 U.S.C. §§ 1681n (willfulness provision), 1681o (negligence provision). To maintain a claim for negligent violation of the FCRA, however, the plaintiff must establish actual damage – an element that the Complaint here does not allege. *See* 15 U.S.C. § 1681o(a)(1). Because Plaintiff has elected to proceed exclusively under the theory that Defendants willfully violated the FCRA (Compl. ¶¶ 31-42 (listing the counts in the complaint as "willful non-compliance")), the Complaint must allege facts meeting this heightened standard.

Indeed, a plaintiff must allege specific facts that show a defendant willfully or negligently failed to comply with the FCRA. "A violation is 'willful' for the purposes of the FCRA if the defendant violates the terms of the Act with knowledge or reckless disregard of the law." *Harris v. Mexican Specialty Foods, Inc.,* 564 F.3d 1301, (11th Cir. 2009); *see also*, *e.g. Rush v. Macy's New York*, 775 F.2d 1554 (11th Cir. 1985) (stating that part of the reason plaintiff's claim failed was because he

"alleged no facts tending to show that Macy's 'willfully' or 'negligently' failed to comply with the FCRA"). In *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007), the Supreme Court analogized the FCRA's willfulness standard to the "clearly established" requirement in qualified immunity cases, reasoning that an FCRA violation can only be willful if the defendant engages in conduct that is clearly unlawful under then-existing law. *Id.* at 69-70. *Safeco* itself makes clear that this "clearly established" test sets a very high bar for willfulness liability: even federal district court case law and informal agency guidance do not suffice to make an FCRA interpretation "clearly established" under *Safeco*; rather, only "court of appeals" authority, "authoritative guidance" from the Federal Trade Commission, or statutory language that is "pellucid" satisfy this test. *Id.* Accordingly, unless the defendant's alleged conduct would not have been lawful under any interpretation of the FCRA that "could reasonably have found support in the courts," the willfulness claim must fail. *Id.* at 70 n.20.

This standard thus protects misreadings of the FCRA so long as they are "objectively reasonable," much in the same way that qualified immunity protects officials from liability if their "action[s] w[ere] reasonable in light of legal rules that were 'clearly established' at the time." *Safeco*, 551 U.S. at 70 (citing *Saucier v. Katz*, 533 U.S. 194, 202 (2001)). And there are "numerous . . . cases in which courts have applied *Safeco* and declined to hold defendants liable absent evidence of a reckless

approach to FCRA compliance." *Fuges v. Sw. Fin. Servs., Ltd.*, 707 F.3d 241, 254 (3d Cir. 2012).

> **2.** **Plaintiff's Allegations Do Not Rise to the Level of a Knowing or Reckless Violation; They Do Not Allege a Violation at All.**

The allegations in the Complaint do not even come close to establishing that Defendants violated "pellucid" guidance from the appellate courts and FTC. Indeed, the most relevant guidance from appellate courts and the FTC is *contrary* to the theory of liability alleged in Plaintiff's complaint.

According to the Complaint, Defendants maintain three pieces of information that they supposedly failed to disclose to Plaintiff upon his request for a consumer file disclosure: (1) archived information; (2) negative codes; and (3) unspecified "additional information." Compl., ¶¶ 23, 25, 26. The premise of Plaintiff's complaint is that, as long as a consumer reporting agency maintains *any* form of information on the consumer that it fails to disclose upon request, a violation of § 1681g(a)(1) is stated. But that theory has been categorically rejected by ***every*** federal circuit that has considered it. *See, e.g.*, *Gillespie v. Trans Union Corp.*, 482 F.3d 907, 909 (7th Cir. 2007); *Shaw v. Experian Info. Solutions, Inc.*, 891 F.3d 749, 761 (9th Cir. 2018); *Cortez v. Trans Union, LLC*, 617 F.3d 688, 711 (3d Cir. 2010).

In *Gillespie v. Trans Union Corp.*, 482 F.3d 907 (7th Cir. 2007), plaintiff alleged that credit reporting agency ("CRA") defendant violated § 1681g(a)(1) by providing her with a consumer report that revealed delinquent account information

but omitted any mention of the purge date. *Id.* at 908. The defendant CRA maintained this purge date—*i.e.*, the date when negative information is to be removed issued reports—in its files, but did not include this information on the consumer reports it sends to third parties. *Id.* The plaintiff argued that because § 1681g(a)(1) states that a CRA must disclose "*[a]ll* information in the consumer's file," the statute requires disclosure of everything in the consumer's file, and not just material included in a consumer report issued to third parties. *Id.* The Seventh Circuit disagreed for several reasons.

First, while § 1681g(a)(1) requires CRAs to disclose all information in the consumer's file, subsequent paragraphs in § 1681g(a) "list other types of information that must be revealed as well," including the name of each person that received a consumer report, and a record of all credit inquiries during the one-year period before the consumer's request. *Id.* at 909. If § 1681g(a)(1) required disclosure of all information on the consumer recorded and retained by a CRA, "then these additional paragraphs are unnecessary." *Id.* Second, the FTC's commentary on § 1681g(a)(1) limits the scope of the provision to material included in a consumer report, *i.e.*, the report generated and delivered to third parties for use in deciding whether the consumer is eligible for credit or other purposes. *Id.* (citing 16 C.F.R. pt. 600, app. § 603) ("The term 'file' denotes all information on the consumer that is recorded and retained by a consumer reporting agency that might be furnished, or has been

furnished, in a consumer report on that consumer.").[2] Third, legislative history underlying § 1681g(a)(1) indicates that Congress enacted the statute to ensure ensuring that consumers receive "complete copies of their consumer reports, not their entire files in whatever form maintained by the CRA." *Id.* (citing S. Rep. No. 104-185, at 41 (1995) ("Section 408 explicitly requires consumer reporting agencies to provide, upon request, all information in the consumer's file. The Committee intends this language to ensure that a consumer will receive a copy of that consumer's report, rather than a summary of the information contained therein.")).

Based on the foregoing, the Seventh Circuit held that § 1681g(a)(1) requires CRAs to disclose "information included in a consumer report." *Id.* at 910. Thus, unless the plaintiff makes "some showing" that the CRA has failed to disclose information contained in a consumer report, a claim under § 1681g(a)(1) fails. *Id.* at 909; *see also* Dee Pridgen & Richard M. Alderman, *Consumer Credit & the Law* § 2:16 (Nov. 2017) ("[T]he FCRA does not require consumer reporting agencies to disclose information that is not given to creditors who request credit reports.").

The allegations in the Complaint do not plausibly allege that Defendants knowingly or recklessly violated any of this guidance. While Plaintiff complains that

---

[2] In 2010, Congress transferred authority for the interpretation of the FCRA from the FTC to the Consumer Financial Protection Bureau.  *See* Dodd-Frank Wall Street Reform & Consumer Protection Act, Pub. L. No. 111-203 § 1088, 124 Stat. 1376.  But the CFPB has not issued any contrary interpretation, and the existence of the FTC's commentary bears on whether Experian willfully violated the FCRA.

the disclosure made by Defendants did not include "archived" information now excluded from his consumer reports (Compl. ¶ 25), § 1681g(a)(1) expressly limits a CRA's disclosure to information in the consumer's file—*i.e.*, information included in a consumer report "at the time of the request." *Gillespie*, 482 F.3d at 910. If Defendants have archived information that is no longer included on the consumer reports it issues to third parties, Defendants have no disclosure obligation under § 1681g(a)(1).

Plaintiff also complains that his disclosure did not include "negative codes." Compl. ¶ 23. Plaintiff does not explain what he means by "negative codes," but his claim appears to turn on the different way that credit reports (provided to subscribers, like potential creditors) and consumer disclosures (provided to consumers) are reported. Most credit reports go to credit grantors, "who read the information with computers"; accordingly, the information is "delivered in a computer-generated format 'in segments and bits and bytes.'" *Shaw v. Experian Info. Sols., Inc.*, 2016 WL 5464543, at *2 (S.D. Cal. Sept. 28, 2016). "Although this output is easily read by the computers of credit grantors …, it is essentially incomprehensible to human beings." *Id.* "Unlike a credit report, which contains industry codes and fields which are designed to be read by computers and which would be unfamiliar and meaningless to a lay consumer, the consumer disclosure uses a more elementary and easy-to-read format to convey the same information." *Id.* at *3.

Here, Plaintiff does not allege that Defendants are reporting "negative codes" to credit grantors without disclosing the same information in a comprehensible way on the disclosure he received. Instead, Plaintiff appears to believe that § 1681g(a)(1) requires CRAs to disclose to consumers *both* the digital codes used to communicate with credit grantors' computers *and* the same information in a format that human readers can understand. Not only is there a lack of "pellucid" authority supporting plaintiff's position, there is case law directly to the contrary. *See Shaw*, 2016 WL 546543, at *11. This precedent makes ample sense: it would be detrimental to consumers to provide reports containing codes and data intended for computers, instead of simple language describing the same information.

Finally, Plaintiff vaguely alleges that Defendants disclosed a consumer report lacking unspecified "substantial information" relating to Plaintiff "that has not been disclosed to him including, but not limited to, information that was previously shown in his credit reports and additional information that is provided to prospective creditors, insurers, or employers..." Compl. ¶ 22. It is not plausible that Defendants knowingly or recklessly violated § 1681g when Plaintiff cannot even identify the content or form of information Defendants failed to disclose. Put simply, a plaintiff cannot satisfy the high bar of willfulness with such vague allegations. Plaintiff's allegations do not prevail on a negligence theory, either, because CRAs are not

obligated to disclose archived information, computer codes, or unidentified "additional information."

## C. Plaintiff Lacks Standing Because the Complaint Does Not Allege a Concrete Injury.

Plaintiff's claims also fail because Plaintiff has not alleged a concrete injury based on Defendants' actions and, therefore, lacks standing under Article III. The Complaint alleges a technical statutory violation that, by Plaintiff's own admission, has caused no real-world harm. As the Supreme Court, and now the Eleventh Circuit, have made clear, Article III standing requires *real* harm. *See Spokeo v. Robins*, 136 S. Ct. 1540 (2016); *Dreher v. Experian Info. Sols., Inc.*, 856 F.3d 337 (4th Cir. 2017); *Joseph v. Experian Info. Sols., Inc.*, No. 1:18-CV-03443-WMR-RGV, 2019 WL 5458009, at *5 (N.D. Ga. July 3, 2019), *report and recommendation adopted*, No. 1:18-CV-3443-WMR, 2019 WL 5460659 (N.D. Ga. Aug. 13, 2019). The concrete harm required by Article III is lacking here because there is no factual allegation suggesting that Plaintiff has been affected even slightly by the alleged violation. This case is the epitome of the sort of no-injury claim that *Spokeo* and *Dreher* forbid federal courts from entertaining.

To satisfy Article III's standing requirement, the plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo*, 136 S. Ct. at 1547. To establish injury in fact, a plaintiff must show that he

suffered an invasion of a legally-protected interest that is both concrete and particularized. *Id.* at 1548. For an injury to be concrete, "it must actually exist" and be "real, and not abstract." *Spokeo*, 136 S. Ct. at 1548. Notably, a plaintiff cannot automatically satisfy the injury in fact requirement just because "a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right." *Id.* at 1549. Put otherwise, one cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement." *Id.*

The Fourth Circuit applied *Spokeo* to a claim under § 1681g—the same FCRA provision at issue here—in *Dreher*. The plaintiff in *Dreher* complained that although defendant CRA disclosed certain information in his file, the CRA failed to disclose the information's source, as § 1681g requires. *Dreher*, 856 F.3d at 345. The Fourth Circuit acknowledged that this type of informational injury *can* constitute an Article III injury-in-fact, but does not unless the plaintiff lacks "access to information to which he is legally entitled *and* … the denial of that information creates a 'real' harm with an adverse effect." *Id.* (quoting *Spokeo*, 136 S. Ct. at 1549).

To determine whether the plaintiff in *Dreher* alleged a concrete injury, the Fourth Circuit first examined whether the plaintiff alleged an injury of the type that has "'traditionally been regarded as providing a basis for a lawsuit in English or American courts.'" *Dreher*, 836 F.3d at 345 (quoting *Spokeo*, 136 S. Ct. at 1549). Finding none, the Fourth Circuit held that an informational injury under the FCRA

is concrete only when the plaintiff is denied access to information required to be disclosed by statute, "*and* he 'suffers, by being denied access to that information, the type of harm *Congress sought to prevent* by requiring disclosure.'" *Id.* at 345-46 (quoting *Friends of Animals v. Jewell*, 828 F.3d 989, 992 (D.C. Cir. 2016) (emphasis in original)). Because the FCRA is intended to ensure fair and accurate credit reporting, a plaintiff alleging informational injury must show that the alleged violation made a difference in the fairness or accuracy in his credit report – a showing the plaintiff in *Dreher* failed to make. *Id.* at 346.

Likewise here, Plaintiff has failed to allege that he has suffered any "real" harm in the form of an inaccurate or unfair credit report. Indeed, Plaintiff does not even claim that the unspecified information he seeks has been provided to any third party in a credit report. *See generally,* Compl. Plaintiff does not even know whether such information exists; his claim is based on "only surmise." *Id.* ¶ 28.

At most, the Complaint has alleged nothing more than a purported procedural violation under the FCRA. Any harm flowing from that purported violation is entirely abstract. Article III does not permit a plaintiff to sue because he surmises that some injury could occur at some point in the undefined future. *Id.* ¶¶ 22-24. Unless and until Plaintiff can plausibly allege that Defendants' alleged violation of § 1681g has resulted in unfair or inaccurate credit reporting, his complaint does not meet the "irreducible constitutional minimum" of a "case" or "controversy," and

must be summarily adjudicated for lack of standing under both federal. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).

> **D.   Plaintiff's Claims Should Be Dismissed With Prejudice Because Amendment Would Be Futile.**

Plaintiff's claims should be dismissed with prejudice because, as demonstrated in the sections above, Plaintiff simply cannot plead plausible claims for relief against the Defendants and, as a result, any further amendment to the Complaint would therefore be futile. The Supreme Court and the Eleventh Circuit have enumerated facts which allow for the denial of a motion to amend, including undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. *See Forman v. Davis*, 371 U.S. 178, 182 (1962); *see also Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape*, 556 F.3d 1232, 1241 (11th Cir. 2009); *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262-3 (11th Cir. 2004) ("A district court may properly deny leave to amend the complaint under rule 15(a) when such amended would be futile.").

Amendment here would indeed be futile. "In the Eleventh Circuit, a purposed amendment is futile when the allegations of the proffered complaint would be unable to withstand a motion to dismiss." *Spear v. Nix*, 215 F. App'x 896, 902 (11th Circuit 2007). Here, there is no way that Plaintiff could manipulate the facts to state a claim under the FCRA because the Complaint does not plausibly allege a violation of §

1681g. Further, without any factual allegation to support Plaintiff's assumption that Defendants have withheld information from him, the Complaint does not cross the line from possibility to plausibility. Therefore, the Complaint should be dismissed with prejudice and without leave to amend.

## V.    <u>CONCLUSION</u>

For these reasons, the Court should grant Defendants' joint motion to dismiss with prejudice.

Dated: January 4, 2024

Respectfully submitted,


*/s/ Archibald T. Reeves, IV*
Archibald T. Reeves, IV
areeves@mcdowellknight.com
McDowell Knight Roedder & Sledge
11 North Water Street, 13th Floor
Battle House Tower
Mobile, Alabama 36602
Telephone: (251) 432-5300
Facsimile:  (251) 432-5303
*Attorney for Defendant Trans Union,*
*LLC*




Dated: January 4, 2024

Respectfully submitted,


*/s/ L. Jackson Young, Jr. w/ permission*
L. Jackson Young, Jr.
ASB-7946-G65L
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama  35203
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234
E-mail:  LJYoung@csattorneys.com
*Attorney for Defendant Experian Information*
*Solutions, Inc.*

Dated: January 4, 2024                              Respectfully submitted,


                                    */s/ Brock Phillips w/ permission*
                                    Brock Phillips
                                    Maynard Nexsen PC
                                    1901 6th Avenue North, Suite 2400
                                    Birmingham, Alabama 35203
                                    Telephone: 205.254.1981
                                    Facsimile: 205.254.1999
                                    Email: bphillips@maynardnexsen.com

                                    *Attorney for Defendant Equifax*
                                    *Information Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 4th day of January, 2024, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to counsel of record registered to use the CM/ECF system in this action, as follows:

Brock Phillips
bphillips@maynardnexsen.com
Maynard Nexsen PC
Labor & Employment Group
1901 6th Avenue North
Suite 2400
Birmingham, AL 35203
(205) 254-1981
(205) 254-1999 Fax
***Counsel for Equifax Information***
***Services LLC***

L. Jackson Young, Jr.
LJYoung@csattorneys.com
CHRISTIAN & SMALL, LLP
505 20th Street North, Suite 1800
Birmingham, Alabama  35203
Telephone:  (205) 795-6588
Facsimile:  (205) 328-7234
***Counsel for Defendant Experian***
***Information Solutions, Inc.***

I further certify that a have mailed by United States Postal Service the above foregoing document to the following non-CM/ECF participants:

Dameion Rashad Kennedy
P.O. Box 1545
Gardendale, AL 35071
dkennedy0191@gmail.com
and
5821 Country Meadow Drive
Gardendale, AL 3507
***Plaintiff Pro Se***

*/s/ Archibald T. Reeves, IV*
**ARCHIBALD T. REEVES, IV**