FILED

2024 Jan-19  PM 04:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| DAMEION RASHAD KENNEDY, | ) | |
| Plaintiff, | ) | CASE NO. 2:23-cv-01510-NAD |
| v. | ) | **Plaintiff's position unknown**[1] |
| EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION, and EQUIFAX INFORMATION SERVICES LLC, | ) | |
| Defendants. | ) | |

## DEFENDANTS EXPERIAN INFORMATION SOLUTIONS, INC.'S, EQUIFAX INFORMATION SERVICES, LLC'S, AND TRANS UNION, LLC'S JOINT MOTION TO STAY DISCOVERY PENDING THEIR JOINT MOTION TO DISMISS

Defendants Experian Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), and Trans Union LLC ("Trans Union"), (collectively the "CRA Defendants"), by and through their respective undersigned counsel, respectfully submit their Joint Motion to Stay Discovery Pending Their Joint Motion to Dismiss the Complaint filed by Plaintiff Dameion Rashad Kennedy. In support hereof, the CRA Defendants state the following:

---

[1] On January 18, 2024, counsel for Experian contacted Plaintiff via telephone and email to request that Plaintiff agree to a stay of discovery pending the Court's ruling. As of the filing of this Motion, counsel has not heard back.

## I.  BACKGROUND

On November 7, 2023, Plaintiff filed this action against Experian, Equifax, and Trans Union alleging, *inter alia*, violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  ECF No. 1.  On January 4, 2024, the CRA Defendants moved jointly under Federal Rule of Civil Procedure 12(b)(6) to dismiss this case for failure to state a claim.  ECF No. 9 (the "CRA Defendants' Rule 12 Motion").  Pursuant to the Court's Order, Plaintiff's response to the CRA Defendants' Rule 12 Motion is due January 26, 2024, and the CRA Defendants' reply brief is due on February 9, 2024.  ECF No. 16.

Accordingly, the CRA Defendants now move this Court to stay all discovery as to the CRA Defendants, pending its ruling on the CRA Defendants' Rule 12 Motion, given the potentially case-dispositive nature of the CRA Defendants' Rule 12 Motion.

## II.  ARGUMENT FOR MOTION TO STAY AND AUTHORITIES

### A. The Court has Authority to Stay Discovery Pending Ruling on the Rule 12 Motion

The Court has the inherent power to control its own dockets, including the power to stay discovery and even the entire proceeding, which "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254-55 (1936) (observing that docket management

"calls for the exercise of judgment, which must weigh competing interests and maintain an even balance."). District courts have broad discretion to stay discovery as incidental to their power to control their own dockets. *Adams v. Equifax Info. Servs., LLC*, No. 122CV04792SEGRDC, 2023 WL 7458848, at *2 (N.D. Ga. Oct. 6, 2023), *report and recommendation adopted*, No. 122CV04792SEGRDC, 2023 WL 8723953 (N.D. Ga. Nov. 2, 2023); see also *Alabama Educ. Ass'n v. Bentley*, No. CV-11-S-761-NE, 2012 WL 13180512, at *2 (N.D. Ala. July 6, 2012) (Ordering stay of discovery until court ruled on Motion to Dismiss). Indeed "[m]atters pertaining to discovery are committed to the sound discretion of the district court." *Patterson v. U.S. Postal Serv.*, 901 F.2d 927, 929 (11th Cir. 1990).

**B. The Eleventh Circuit Has Expressed Its Preference for Facial Challenges to the Legal Sufficiency of a Claim—Like the CRA Defendants' Rule 12 Motion—to be Resolved Before Discovery Begins**

   **i. In the Eleventh Circuit, District Courts are Encouraged to Stay Discovery Pending Resolution of Dispositive Motions**

The Eleventh Circuit has repeatedly expressed that "[f]acial challenges to the legal sufficiency of a claim or defense, such as a motion to dismiss based on failure to state a claim for relief, should [] be resolved before discovery begins." *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). That is because "such a dispute always presents a purely legal question; there are no issues of fact because the allegations contained in the pleading are presumed to be true." *Id.* Therefore, "neither the parties nor the court have any need for discovery before the court rules

on the motion." *Id.*

The Eleventh Circuit's preference makes good sense as a matter of resource allocation—both for the parties who bring disputes and for the busy jurists who decide them.  As the Circuit Court explained in *Chudasama*:

> Discovery imposes several costs on the litigant from whom discovery is sought. These burdens include the time spent searching for and compiling relevant documents; the time, expense, and aggravation of preparing for and attending depositions; the costs of copying and shipping documents; and the attorneys' fees generated in interpreting discovery requests, drafting responses to interrogatories and coordinating responses to production requests, advising the client as to which documents should be disclosed and which ones withheld, and determining whether certain information is privileged. The party seeking discovery also bears costs, including attorneys' fees generated in drafting discovery requests and reviewing the opponent's objections and responses. Both parties incur costs related to the delay discovery imposes on reaching the merits of the case. Finally, discovery imposes burdens on the judicial system; scarce judicial resources must be diverted from other cases to resolve discovery disputes.

123 F.3d at 1367-68.

Thus, staying discovery only serves to benefit the parties and the Court. *Id.*; *see also Race v. Bradford County*, 3:18-CV-153-J-39PDB, 2019 WL 1755808, at *2 (M.D. Fla. Apr. 19, 2019) ("Because neither party needs discovery before a court resolves a dispositive motion based solely on a legal matter, staying discovery until then avoids potentially needless cost.").  Indeed, as the Eleventh Circuit has noted, delaying discovery during the pendency of a motion for judgment on the pleadings "further[s] the goals of controlling the case and saving the time and effort of the

court, counsel, and the parties[.]" *James v. Hunt*, 761 F. App'x 975, 981 (11th Cir. 2018).

Accordingly, the Eleventh Circuit has repeatedly held that district courts do not abuse their discretion when they grant a stay of discovery pending a Rule 12 motion. *Roberts v. FNB South of Alma, Georgia,* 716 F. App'x 854, 857 (11th Cir. 2017); *Isaiah v. JPMorgan Chase Bank,* 960 F.3d 1296, 1308-1309 (11th Cir. 2020); *Rivas v. The Bank of N.Y. Mellon*, 676 F. App'x 926, 932 (11th Cir. 2017); *Dragash v. Fed. Nat'l Mortgage Ass'n*, 700 F. App'x 939, 946 (11th Cir. 2017); *Redford v. Gwinnett County Judicial Circuit*, 350 F. App'x 341, 346 (11th Cir. 2009); *Moore v. Potter*, 141 F. App'x 803, 807 (11th Cir. 2005).

### ii. The CRA Defendants' Rule 12 Motion Is a Facial Challenge to the Legal Sufficiency of Plaintiff's Complaint; Therefore a Stay is Appropriate Before Discovery Begins

By nature, CRA Defendants' Rule 12 Motion is a facial challenge to the legal sufficiency of Plaintiff's complaint. *Chudasama*, 123 F.3d at 1367-68. Indeed, the CRA Defendants' Rule 12 Motion raises substantial, purely legal, and threshold questions including whether, under these circumstances, Plaintiff has stated a claim against the CRA Defendants. ECF No. 9. The CRA Defendants provide three main arguments for dismissal of all claims against them. *First*, the Complaint does not plausibly allege that Defendants denied Plaintiff information, or that such information even exists. *Second*, even taking Plaintiff's conclusory allegations as

true, nothing in the Complaint shows that Defendants "willfully" violated the FCRA, as Plaintiff attempts to plead. *Third*, Plaintiff lacks standing to sue because the Complaint does not identify a concrete harm. Finally, Plaintiff's claims should be dismissed with prejudice because Plaintiff simply cannot plead a plausible claim for relief against the Defendants and, as a result, any amendment to the Complaint would be futile. The CRA Defendants' Rule 12 Motion provides ample support for these arguments, as many courts around the country, including in this Circuit, have dismissed on these bases.  Given that these critical, threshold questions are currently before the Court, it would save both the Court and four separate parties significant and valuable time, effort, and resources to briefly pause potentially pointless discovery while the Court determines whether Plaintiff has even stated a claim as against the CRAs in the first instance.

Further reinforcing that a stay is appropriate here is that discovery in this case has not yet begun.  However, the Court has Ordered a telephone status conference for January 25, 2024, the parties to confer by January 26, 2024 regarding a Rule 26(f) conference and to make an election regarding magistrate jurisdiction by February 20, 2024.  As there are several parties involved, there would be time and resources spent which may not be necessary if the Motion to Dismiss is granted.  In addition, once the stay is lifted, the parties would have a full discovery period in which to conduct and complete discovery should the CRA Defendants' Rule 12

Motion be denied in whole or in part.  That motion will be fully briefed by February 9, 2024.   Accordingly, "should the case proceed, Plaintiff will have ample opportunity to conduct discovery." *Pierce v. State Farm Mut. Auto. Ins. Co.*, 14-22691-CIV, 2014 WL 12528362, at *1 (S.D. Fla. Dec. 10, 2014). A brief stay here would save both the Court and the parties substantial time and resources, without causing any prejudice at all.

### III.  CONCLUSION

For the foregoing reasons, the CRS Defendants respectfully request the Court grant the CRA Defendants' Joint Motion to Stay Discovery Pending Their Joint Motion to Dismiss.

Dated: January 19, 2024                    Respectfully submitted,

                                           /s/ L. Jackson Young, Jr.
                                           L. Jackson Young, Jr.
                                           ASB-7946-G65L
                                           CHRISTIAN & SMALL, LLP
                                           505 20th Street North, Suite 1800
                                           Birmingham, Alabama 35203
                                           Telephone: (205) 795-6588
                                           Facsimile: (205) 328-7234
                                           E-mail:  LJYoung@csattorneys.com
                                           *Attorney for Defendant Experian Information Solutions, Inc.*


Dated: January 19, 2024                    Respectfully submitted,

                                           /s/ Archibald T. Reeves, IV
                                           Archibald T. Reeves, IV
                                           ASB-2720-V84A
                                           areeves@mcdowellknight.com
                                           McDowell Knight Roedder & Sledge
                                           11 North Water Street, 13th Floor
                                           Battle House Tower
                                           Mobile, Alabama 36602
                                           Telephone: (251) 432-5300
                                           Facsimile: (251) 432-5303

                                           *Attorney for Defendant Trans Union, LLC*

Dated: January 19, 2024                    Respectfully submitted,


                                           */s/ Brock Phillips*
                                           Brock Phillips
                                           ASB-8336-P31T
                                           Maynard Nexsen PC
                                           1901 6th Avenue North, Suite 2400
                                           Birmingham, Alabama 35203
                                           Telephone: 205.254.1981
                                           Facsimile: 205.254.1999
                                           Email: bphillips@maynardnexsen.com

                                           *Attorney for Defendant Equifax*
                                           *Information Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 19, 2024, the foregoing was filed with the Court and served by operation of the Court's efiling system upon all parties and counsel of record, and a copy was sent by first-class U.S. mail, postage prepaid, to:

Dameion Rashad Kennedy
Post Office Box 1545
Gardendale, Alabama 35071
dkennedy0191@gmail.com
*Pro Se Plaintiff*

<u>*/s/ L. Jackson Young, Jr.*</u>
L. Jackson Young, Jr.
Attorney for Defendant Experian
Information Solutions, Inc.